# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Hemp Deposit and Distribution Corp., <br><br> Plaintiff <br><br> v. <br><br> DP Brooks Investments, LLC, <br><br> Defendant | 2:14-cv-02138-JAD-GWF <br><br> **Order Denying Motion to Remand and Ordering Plaintiff to Show Cause Why this Case Should Not Be Dismissed for Lack of Subject-matter Jurisdiction** <br> [#9] |

Plaintiff Hemp Deposit and Distribution Corporation filed this action on December 16, 2014, alleging that this court has original jurisdiction over this case based on diversity of citizenship and the Declaratory Judgment Act.[1] Plaintiff frames this case as an independent action to set aside a 2013 default judgment entered by the Nye County state court.[2]

**A.   Remand or Dismissal**

This case was filed in this court based on original—not removal—jurisdiction. Nevertheless, defendant DP Brooks Investments, LLC has filed a motion to *remand* this case to the Nye County state court that entered the now-challenged default judgment. Alternatively, DP Brooks asks the court to dismiss the case either for untimely removal or based on res judicata principles.[3] It is axiomatic that a case never removed cannot be remanded nor dismissed for improper removal.[4] So the motion to remand or dismiss must be denied.

---

[1] Doc. 1.

[2] *Id*. at 4; Doc. 10 at 5 ("principles of equity require that [plaintiff] be afforded the opportunity to be relieved from the Judgment and to litigate the underlying case on its merits."); 10 (plaintiff is asking "this Court to use its powers in equity to relieve it of the Judgment so that it does have the opportunity to defend itself.").

[3] Doc. 9.

[4] *See* 28 U.S.C. § 1447.

**B.     Order to Show Cause**

The court suspects that defendant's remand and res judicata arguments are a maladroit method for raising the more fitting concern that this court lacks subject-matter jurisdiction over this case under the *Rooker-Feldman* doctrine.  The *Rooker-Feldman* doctrine, derived from two United States Supreme Court opinions, provides that federal district courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over state-court decisions.[5]  The doctrine recognizes that a district court lacks subject-matter jurisdiction to review—directly or indirectly—a state-court judgment.[6]  Its application "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[7]  "Stated plainly, '*Rooker–Feldman* bars any suit that seeks to disrupt or undo a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims.'"[8]

Hemp Deposit's complaint makes it clear that the instant lawsuit is brought to challenge a state-court judgment rendered before this action was filed.[9]  It therefore appears that the *Rooker-Feldman* doctrine bars this action and that it should be dismissed for lack of subject-matter jurisdiction.  Federal courts are courts of limited jurisdiction.[10]  Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the

---

[5] The doctrine is derived from *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

[6] *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 285 (2005); *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003).

[7] *Exxon Mobil Corp.*, 544 U.S. at 284.

[8] *Bianchi v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) (quoting *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 476 (10th Cir. 2002)).

[9] *See* Docs. 1,

[10] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).

court must dismiss the action."[11]  In the interest of justice, however, I will give Hemp Deposit an opportunity to demonstrate that this action is properly before this court.

Accordingly, IT IS HEREBY ORDERED that Hemp Deposit has until July 15, 2015, to show cause why this case should not be dismissed for lack of subject-matter jurisdiction.  If Hemp Deposit files a timely response to this order to show cause, defendant DP Brooks will then have until July 29, 2015, to file a reply to that response.  No further briefing will be permitted.  If Hemp Deposit does not file a timely response to this order to show cause or it fails to demonstrate that this court has subject-matter jurisdiction over this action, this case will be dismissed with prejudice.

### Order

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Remand to State Court for Plaintiff's Failure to Properly and Timely Remove the Case to Federal Court, Dismissal of the Plaintiff's Complaint, and for Attorney's Fees and Costs **[Doc. 9] is DENIED**;

IT IS FURTHER ORDERED that **Hemp Deposit and Distribution Corp has until July 15, 2015, to show cause why this case should not be dismissed for lack of jurisdiction**; DP Brooks will then have until July 29, 2015, to file any reply to that response.  No further briefing on this issue will be permitted.

Dated this 1st day of July, 2015

_____
Jennifer A. Dorsey
United States District Judge

---

[11] Fed. R. Civ. Proc. 12(h)(3).